IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERBERT WILKINS,

                                                 ORDER

Petitioner,

                                           08-cv-264-bbc

v.

KEVIN HAYDEN, Secretary of
Wis. DHFS, or, his Successor,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Petitioner, a patient at the Sandridge Secure Treatment Center in Mauston, Wisconsin, has been civilly committed under Wis. Stat. Chapter 980. In his complaint, petitioner challenges the constitutionality of respondent's use of the Fair Labor Standards Act and the Americans with Disabilities Act in denying him compensation for his labor.

     Originally, petitioner filed his complaint in the Eastern District of Wisconsin. The case was transferred to this court on May 5, 2008, before a decision on petitioner's request for leave to proceed in forma pauperis was decided. Therefore, I will address petitioner's request at this time.

     In support of his request for indigent status, petitioner has submitted an affidavit of

1

Dockets.Justia.com

indigency, in which he states that he is institutionalized, single, not presently employed, received no income from any other source in the last twelve months, owns no valuable property except for ordinary household furnishings and clothing, and he has no debts. In addition he has submitted a resident account statement covering a one-week period from April 5, 2008 to April 11, 2008.

 This court uses one method for determining the indigent status of all institutionalized persons, even those like petitioner who are not subject to the 1996 Prison Litigation Reform Act. See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a *six-month* resident account statement covering the full six-month period immediately preceding the filing of the petitioner's complaint, the court calculates two amounts, 20% of the petitioner's average monthly income and 20% the petitioner's average monthly balance. Whichever amount is greater is the amount the petitioner will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The in forma pauperis statute does not permit a court to waive entirely a petitioner's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

 Petitioner's complaint was submitted on April 14, 2008. In order to cover the full six-month period preceding the filing of the complaint, petitioner will need to submit a supplemental resident account statement beginning approximately October 14, 2007 and

ending approximately April 4, 2008. If petitioner fails to provide his statement, I will assume that he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that a decision whether petitioner may proceed in forma pauperis is STAYED until June 2, 2008, by which date plaintiff must submit a supplemental resident account statement for the period beginning approximately October 14, 2007 and ending approximately April 4, 2008. If, by June 2, 2008, petitioner fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 12th day of May, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3